Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7650 | **DATE** | 5/29/2003 |
| **CASE TITLE** | Ryan E. Saunders vs. American Warehousing Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

American Warehousing Services, Inc. Motion to Dismiss
& The Gilette Co. Motion for Judgment on the Pleadings

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons given in the attached memorandum, Defendant American Warehousing Services, Inc.'s Motion to Dismiss [Doc. # 18] is granted; and Defendant Gillette Company's Motion for Judgment on the Pleadings [Doc. #24] is granted. All other pending motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 5-30-03 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RYAN E. SAUNDERS, ) | |
| ) | No. 02 C 7650 |
| Plaintiff, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | |
| AMERICAN WAREHOUSING SERVICES, ) | |
| INC., et al. ) | **DOCKETED** |
| ) | |
| Defendants. ) | MAY 3 0 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ryan Saunders ("Plaintiff" or "Saunders") filed a lawsuit against Defendants Gillette Company ("Gillette") and American Warehousing Services, Inc. ("American Warehousing") alleging race and color discrimination under Title VII of the Civil Rights Act of 1964. There are two motions pending in this case: (1) Defendant American Warehousing Services, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint; and (2) Defendant The Gillette Company's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

American Warehousing's Motion to Dismiss was limited to the issue of timeliness. On February 13, 2003, the Court ordered the parties to limit their briefing on Gillette's Motion for Judgment on the Pleadings to the issue of timeliness.

### Factual Background

Saunders filed his charge of discrimination with the EEOC on January 3, 2002. The EEOC charge alleged that Saunders' supervisor "is verbally abusive and disrespectful toward [Plaintiff] and . . . white employees are treated much more favorably." (Def. American

33

Warehousing Mot. Dismiss, Ex. A) The EEOC charge further alleged that the Defendant employers have a differential discipline policy whereby black employees are disciplined more quickly than white employees. (Id.)

On June 26, 2002, the EEOC dismissed Saunders' charge and issued a notice of right to sue. (Def. American Warehousing Mot. Dismiss, Ex. B) The right to sue letter was sent to Saunders at 621 Adella Avenue in Joliet, Illinois. The postal service provided notice at 621 Adella Avenue of the certified mail on June 28, July 3 and July 16, but the letter was returned to sender as unclaimed. (Pl. Resp. American Warehousing Mot. Dismiss, Ex. 2)

Saunders asserts that 621 Adella Avenue is his mother's address. (Pl. Resp. American Warehousing Mot. Dismiss, Ex. A, ¶ 1.) Saunders was living with his mother at the time he filed the EEOC charge, but he moved to another address in Joliet on April 12, 2002. (Id., ¶¶ 1–2.) Saunders telephoned the EEOC investigator on or about October 1, 2002 to inquire about the status of his charge. (Id., ¶ 4.) Saunders requested that the EEOC to resend the letter to his mother's Adella Avenue address. (Id., ¶ 4.) Saunders "watch[ed] for the letter" at his mother's address, and received it on or about October 11, 2002. (Id., ¶ 4.) He then filed this lawsuit on October 24, 2002.

## DISCUSSION

### A. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to determine whether the plaintiff has stated a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). On a Motion to Dismiss pursuant to Rule 12(b)(6), the Court accepts as true all the well-pleaded allegations in the Complaint and construes them in the light most favorable to the Plaintiff. American United Logistics, Inc. v. Catellus, 319 F.3d 921, 926 (7th Cir. 2003). The motion

should not be granted unless it is beyond doubt that there are no set of facts under which the Plaintiff would be entitled to relief. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957); Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev., 291 F.3d 1000, 1008 (7th Cir. 2002).

Motions for Judgment on the Pleadings pursuant to Rule 12(c) serve a similar purpose as Motions to Dismiss under Rule 12(b)(6). Consequently, they are subject to the same standard of review. See Hentosh v. Herman M. Finch Univ. of Health Sci./Chicago Med. Sch., 167 F.3d 1170, 1173 n.2 (7th Cir. 1999) ("[A]s a practical matter . . . [the] distinction . . . [between] motion[s] . . . made under Rule 12(b)(6) or Rule 12(c) . . . is of little consequence because '[w]e review a motion pursuant to Rule 12(c) under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b).' GATX Leasing Corp. v. National Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir.1995) (citation omitted).").

## B. Timeliness of Saunders' Complaint

Under Title VII, a Plaintiff must file a complaint within 90 days of receiving notice from the EEOC of the right to sue. 42 U.S.C. § 2000e-5(f)(1). Compliance with the ninety-day limit is not a jurisdictional prerequisite, but it is a "condition precedent" to relief. See Perkins v. Silverstein, 939 F.2d 463, 470 (7th Cir. 1991). In the Seventh Circuit, the 90 day period begins to run when the potential plaintiff receives actual notice from the EEOC of the right to sue. See Houston v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999). The actual notice rule, however, will not protect plaintiffs who do not receive actual notice of the right-to-sue letter through their own fault. See Bobbitt v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001).

In this case, Saunders filed his lawsuit on October 24, 2002, 121 days from the date of the right to sue letter (June 26, 2002). Plaintiff contends that he did not receive actual notice of the

right-to-sue letter until he called the EEOC on October 1, 2002. It is undisputed that he did not actually receive the letter until October 11, 2002. If either of those dates (October 1 or October 11) marked the beginning of the ninety day period, Saunders' Complaint would be timely filed.

When the plaintiff does not receive the right-to-sue letter, "the parties . . . have to litigate whether the plaintiff is at fault for not having gotten the letter sooner." Houston v. Sidley & Austin, 185 F.3d at 840 n.5. "[I]f a claimant fails to notify the EEOC of a change of address, then the claimant cannot later rely on the 'actual notice' rule. [St. Louis v. Alverno College, 744 F.2d 1314,] 1317 [7th Cir. 1984]." Bobbitt, 268 F.3d at 538. Here, Saunders failed to notify the EEOC of the change in his address. Moreover, when the EEOC resent the letter, he demonstrated that he was still able to receive mail at his mother's address. Saunders' actions demonstrate that he was at fault for not receiving the letter sooner, so he cannot benefit from the actual notice rule.

This leaves two questions: (1) when should the ninety-day period for filing begin to run; and (2) did Saunders' filing occur within those ninety days. Where there is no proof of receipt, there is a traditional presumption that letters are received five days from the mailing date. See Loyd v. Sullivan, 882 F.2d 218, 218 (7th Cir. 1989) (per curiam) ("unless proven otherwise, the receipt date is presumed to be five days from the mailing date"). Here, there has been proof that the Plaintiff could have picked up the certified mail right-to-sue letter as late as July 16, the date the post office provided the final notice at his mother's address. The Seventh Circuit has held that when the EEOC sends a right-to-sue letter by certified mail, the ninety-day period begins to run when the plaintiff received the letter, "so long as she picks it up within the time that the Post Office's notice gives her before it will be returned to the sender." Houston, 185 F.3d at 837. Although the Seventh Circuit has not directly addressed when the ninety-day period should begin

when a certified mail right-to-sue letter is returned to sender, the date can be deduced from the logic of Houston. If a Plaintiff can pick up the letter at any point "within the time that the Post Office's notice" provides, then the ninety day limitations period begins to run on the final date to pick up the letter.[1] Saunders could have picked up the right-to-sue letter from the post office as late as July 16, the date the post office provided the final notice at his mother's address. If he had picked it up on July 16, the first day of the ninety day period would be July 17. See Fed. R. Civ. Pro. 6(a) ("In computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."). Using this limitations period, the lawsuit was filed 100 days later on October 24, 2002. Since the complaint was filed more than 90 days after Saunders should have received actual notice of his right to sue, it must be dismissed as untimely.

## CONCLUSION

For the reasons given in this opinion, Defendant American Warehousing's Motion to Dismiss is granted and Defendant Gillette's Motion for Judgment on the Pleadings is granted.

**Enter:**

_____
David H. Coar
**United States District Judge**

**Dated: May 29, 2003**

---

[1]This is preferable to employing the traditional five-day receipt presumption of Loyd v. Sullivan, 882 F.2d at 218. Where the Plaintiff fails to receive the letter by his own fault, the Court is confronted with a choice between fictions for the point to assume when the Plaintiff should have received "actual notice" to begin the limitations period. The five-day receipt presumption is a useful abstract fiction when the Court has no other facts to rely upon. The last date the Plaintiff could have retrieved the certified letter from the post office is a concrete fiction, grounded in the circumstances of this case. Between the two, the Court chooses to employ the date specific to the facts of the case.